```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY HAMMOND AND           )
DUSTIE HAMMOND,              )
                             )
      Plaintiffs,            )
                             )
v.                           )     Case No. 25-cv-1574
                             )
WILLIAM ADAMS, II, DPM, and  )
MERCY HEALTH PHYSICIANS      )
KENTUCKY SPECIALTY CARE, LLC, )
                             )
      Defendants.            )
```

**COMPLAINT**

**JURISDICTION**

Jurisdiction lies pursuant to 28 USC 1332 – Diversity of Citizenship. Defendant William Adams, II, DPM is a citizen and resident of Kentucky. Defendant Mercy Health Physicians Kentucky Specialty Care, LLC is a Kentucky limited liability company registered in the state of Kentucky with its principal place of business in Paducah, Kentucky. Plaintiff is a citizen and resident of the Southern District of Illinois. Further, the amount in controversy is greater than $75,000.00, exclusive of costs and interest.

**COUNT I**
(Negligence v. William Adams, II, DPM)

1.   That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful

wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.    That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.    That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.    That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.    That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.   That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.   That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.   That Plaintiff never provided informed consent for such ankle arthrodesis.

10.   That the Defendant, individually, and by and through its agents, apparent agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions:

     a. Negligently and carelessly removed Plaintiff's fibula during the performance of a total ankle arthroplasty; and/or

     b. Negligently and carelessly performed a total fusion without appropriate preoperative planning and without appropriate consent from Plaintiff.

11.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant aforesaid the wrong bone was resected, the total ankle arthroplasty could not be performed, and plaintiff's ankle was fused without his consent. Plaintiff has suffered permanent pain, mental anguish, disability and disfigurement. He has been permanently prevented from attending to his usual affairs and duties and has incurred and become liable for large sums of money in hospital, medical, and related expenses, past, present and future, all to his damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT II
(Battery v. William Adams, II, DPM)

1.    That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.    That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.    That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.    That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.    That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent

agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That Defendant William Adams, II, DPM, intentionally performed a surgical procedure upon Plaintiff without obtaining appropriate informed consent.

11.    That the intentional performance of a surgical procedure without informed consent constitutes an intentional tort of battery.

12.    That as a direct and proximate result of said battery plaintiff's ankle was fused without his consent. Plaintiff has suffered permanent pain, mental anguish, disability and disfigurement. He has been permanently prevented from attending

to his usual affairs and duties and has incurred and become
liable for large sums of money in hospital, medical, and related
expenses, past, present and future, all to his damage in a
substantial amount.

WHEREFORE, plaintiff demands judgment against the defendant
in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS
($75,000.00), plus costs.

<u>**COUNT III**</u>
(Negligence v. Mercy Health Physicians Kentucky Specialty Care,
LLC)

1.    That at all times herein mentioned, Rodney Hammond was
a citizen and resident of the State of Illinois and the lawful
wedded husband of Dustie Hammond when he presented to the
various defendants herein for medical care and treatment.

2.    That at all times herein mentioned, Dustie Hammond was
a citizen and resident of the State of Illinois and the lawful
wedded wife of Rodney Hammond.

3.    That at all times herein mentioned, the defendant,
William Adams, II, DPM, was a citizen and resident of the State
of Kentucky.

4.    That at all times herein mentioned, the defendant,
Mercy Health Physicians Kentucky Specialty Care, LLC, was a
limited liability company, registered in the State of Kentucky
with its principal place of business in the State of Kentucky,

when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.    That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That the Defendant, individually, and by and through its agents, apparent agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions:

        a. Negligently and carelessly removed Plaintiff's fibula during the performance of a total ankle arthroplasty; and/or

      b. Negligently and carelessly performed a total fusion without appropriate preoperative planning and without appropriate consent from Plaintiff.

11.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant aforesaid the wrong bone was resected, the total ankle arthroplasty could not be performed, and plaintiff's ankle was fused without his consent. Plaintiff has suffered permanent pain, mental anguish, disability and disfigurement. He has been permanently prevented from attending to his usual affairs and duties and has incurred and become liable for large sums of money in hospital, medical, and related expenses, past, present and future, all to his damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT IV
(Battery v. Mercy Health Physicians Kentucky Specialty Care, LLC)

1.  That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.   That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.   That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.   That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.   That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.   That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That Defendant William Adams, II, DPM, intentionally performed a surgical procedure upon Plaintiff without obtaining appropriate informed consent.

11.    That the intentional performance of a surgical procedure without informed consent constitutes an intentional tort of battery.

12.    That as a direct and proximate result of said battery plaintiff's ankle was fused without his consent. Plaintiff has suffered permanent pain, mental anguish, disability and disfigurement. He has been permanently prevented from attending to his usual affairs and duties and has incurred and become liable for large sums of money in hospital, medical, and related expenses, past, present and future, all to his damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

<u>**COUNT V**</u>
(Loss of Consortium – Negligence v. William Adams, II, DPM)

1.    That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.    That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.    That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.    That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.    That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That the Defendant, individually, and by and through its agents, apparent agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions:

    a. Negligently and carelessly removed Plaintiff's fibula during the performance of a total ankle arthroplasty; and/or

    b. Negligently and carelessly performed a total fusion without appropriate preoperative planning and without appropriate consent from Plaintiff.

11.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant aforesaid, and the injury and damages suffered by Rodney Hammond, Plaintiff Dustie Hammond has suffered permanent damages in that she has incurred and become liable for large sums of money in hospital, medical, and related expenses, and

will become liable for additional sums in the future, and has been permanently deprived of the love, companionship, consortium, support, and services to which she was entitled from her husband.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT VI
(Loss of Consortium – Battery v. William Adams, II, DPM)

1.   That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.   That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.   That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.   That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky,

when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

    5.   That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

    6.   That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

    7.   That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

    8.   That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

    9.   That Plaintiff never provided informed consent for such ankle arthrodesis.

    10.  That Defendant William Adams, II, DPM, intentionally performed a surgical procedure upon Plaintiff without obtaining appropriate informed consent.

11.  That the intentional performance of a surgical procedure without informed consent constitutes an intentional tort of battery.

12.  That as a direct and proximate result of said battery, and the injury and damages suffered by Rodney Hammond, Plaintiff Dustie Hammond has suffered permanent damages in that she has incurred and become liable for large sums of money in hospital, medical, and related expenses, and will become liable for additional sums in the future, and has been permanently deprived of the love, companionship, consortium, support, and services to which she was entitled from her husband.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT VII
(Loss of Consortium – Negligence v. Mercy Health Physicians Kentucky Specialty Care, LLC)

1.  That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.  That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.    That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.    That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.    That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That the Defendant, individually, and by and through its agents, apparent agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions:

  a. Negligently and carelessly removed Plaintiff's fibula during the performance of a total ankle arthroplasty; and/or

  b. Negligently and carelessly performed a total fusion without appropriate preoperative planning and without appropriate consent from Plaintiff.

11.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant aforesaid, and the injury and damages suffered by Rodney Hammond, Plaintiff Dustie Hammond has suffered permanent damages in that she has incurred and become liable for large sums of money in hospital, medical, and related expenses, and will become liable for additional sums in the future, and has been permanently deprived of the love, companionship, consortium, support, and services to which she was entitled from her husband.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT VIII
(Loss of Consortium – Battery v. Mercy Health Physicians
Kentucky Specialty Care, LLC)

1.   That at all times herein mentioned, Rodney Hammond was a citizen and resident of the State of Illinois and the lawful wedded husband of Dustie Hammond when he presented to the various defendants herein for medical care and treatment.

2.   That at all times herein mentioned, Dustie Hammond was a citizen and resident of the State of Illinois and the lawful wedded wife of Rodney Hammond.

3.   That at all times herein mentioned, the defendant, William Adams, II, DPM, was a citizen and resident of the State of Kentucky.

4.   That at all times herein mentioned, the defendant, Mercy Health Physicians Kentucky Specialty Care, LLC, was a limited liability company, registered in the State of Kentucky with its principal place of business in the State of Kentucky, when it assumed the care of Rodney Hammond individually and through its agents, apparent agents, servants, and/or employees.

5.   That on or about December 18, 2024, the defendant, William Adams, II, DPM, was a doctor of podiatric medicine, licensed and practicing in Illinois, and an agent, apparent agent, servant, and/or employee of defendant Mercy Health Physicians Kentucky Specialty Care, LLC, when he and they assumed the care of Rodney Hammond.

6.    That on or about December 18, 2024, Plaintiff Rodney Hammond presented to these Defendants to receive a right total ankle arthroplasty with implant to be performed by Defendant William Adams, II, DPM in the Southern District of Illinois.

7.    That during said procedure, Defendant William Adams, II, DPM erroneously resected a section of Plaintiff's fibula, rather than the tibia.

8.    That Defendant William Adams, II, DPM thereafter, converted the operation to an ankle arthrodesis.

9.    That Plaintiff never provided informed consent for such ankle arthrodesis.

10.    That Defendant William Adams, II, DPM, intentionally performed a surgical procedure upon Plaintiff without obtaining appropriate informed consent.

11.    That the intentional performance of a surgical procedure without informed consent constitutes an intentional tort of battery.

12.    That as a direct and proximate result of said battery, and the injury and damages suffered by Rodney Hammond, Plaintiff Dustie Hammond has suffered permanent damages in that she has incurred and become liable for large sums of money in hospital, medical, and related expenses, and will become liable for additional sums in the future, and has been permanently deprived

of the love, companionship, consortium, support, and services to which she was entitled from her husband.

WHEREFORE, plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

/s/Thomas Q. Keefe, Jr.
THOMAS Q. KEEFE, JR.
03123416
Attorney for Plaintiff

KEEFE, KEEFE & UNSELL, P.C.
Attorneys at Law
#6 Executive Woods Court
Belleville, IL  62226
618/236-2221 (Telephone)
618/236-2194 (Facsimile)
Primary:  debbie@tqkeefe.com
Secondary:  Isuedocs77@gmail.com